UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
MAY 03 2001
CLERK, U.S. DIST. COURT
ST. PAUL, MN

ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, U.A. AFL-CIO, et al.,

Plaintiffs,

v.

NORTHSTAR FIRE OF AMERICA, et al.,

Defendants.

Court File No: 00-CV-2152 (JRT/SRN)

**STIPULATION AND ORDER TO WITHDRAW COUNTERCLAIM AND AMEND ANSWER**

**STIPULATION**

Plaintiffs Road Sprinkler Fitters Local Union No. 669, U.A. AFL-CIO, et al. and Defendants Northstar Fire Of America, et al., by and through their respective counsel, hereby stipulate and agree as follows:

1. Defendants Northstar Fire of America, et al., hereby agree to dismiss their counterclaim with prejudice, and Plaintiffs' motion to dismiss that counterclaim is withdrawn as moot.

2. Plaintiffs agree to permit Defendants to file an amended answer in the form attached hereto, without prejudice to any and all defenses Plaintiffs may have thereto.

Dated: May 3, 2001.

Richard A. Williams, Jr. (#117559)
Williams & Iversen, P.A.
1611 West County Road B, Suite 208
Roseville, MN 55113
Phone: (651) 848-0280

MAY 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

and

William W. Osborne, Jr.
Osborne Law Offices, P.C.
One Thomas Circle, N.W., Suite 1150
Washington, D.C. 20005
Phone: (202) 955-3800

ATTORNEYS FOR PLAINTIFFS ROAD SPRINKLER FITTERS LOCAL UNION NO. 669 ET AL

Dated: May 2, 2001.

Paul L. Landry (#156759)
Richard D. Snyder (#191292)
Sue R. Roemer (#305327)
FREDRIKSON & BYRON, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
Phone: (612) 347-7044

ATTORNEYS FOR DEFENDANTS NORTHSTAR FIRE OF AMERICA ET AL

**ORDER**

Based upon the foregoing Stipulation of the Parties, IT IS HEREBY ORDERED THAT:

1. The Stipulation is accepted and incorporated herein as this Court's Order; and [Docket nos. 8 & 10]

2. Defendants may serve and file an Amended Answer within ten (10) days of the date of this Order; and

Dated: May 8, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge

2492353

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, U.A., AFL-CIO, et al.,

Plaintiffs,

v.

NORTHSTAR FIRE OF AMERICA, INC., et al.,

Defendants.

CIVIL NO. 00-2152 (JRT/SRN)

**DEFENDANTS' AMENDED JOINT ANSWER**

Defendants, for their Amended Joint Answer to plaintiffs' complaint, states as follows:

JURISDICTION AND VENUE

1. Defendants deny the allegations in paragraph 1 of the complaint and affirmatively allege that the Court: lacks subject matter jurisdiction over the claims asserted by plaintiff Road Sprinkler Fitters Local Union No. 669 ("Local 669") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); lacks subject matter jurisdiction over the claims asserted by plaintiffs Wingler, Patrick, Ault and Robinson under the FLSA to the extent that they seek relief on behalf of any persons other than themselves; and lacks subject matter jurisdiction over the claims asserted by all plaintiffs under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964.

2. Defendants admits the allegations in paragraph 2 of the complaint to the extent that venue would be proper in this District for any claim over which the Court has jurisdiction and deny the remaining allegations.

3. Defendants admit the allegations in paragraph 3 of the complaint that plaintiff Local 669 is a labor organization, that it is headquartered in Columbia, Maryland, that it purports

to sue on its own behalf, and that it purports to sue on behalf of its members, but deny that Local 669 has the right to sue on its own behalf or standing to sue on behalf of its members and deny the remaining allegations.

4. Defendants answer the allegations in paragraph 4 of the complaint by stating that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the current residences of individual plaintiffs, their representation at present by Local 669, or their status with respect to the NASI Funds. Defendants deny that the individual plaintiffs have the right to bring an action on behalf of "similarly situated" persons and deny that such persons exist. Defendants deny plaintiffs' legal conclusions respecting the legal construction of ERISA, and deny the remaining allegations.

DEFENDANTS

5. Defendants admit the allegations in paragraph 5 of the complaint that NorthStar Fire of America, Inc., is a Minnesota corporation with its principal offices at 875 Blue Gentian Road, Eagan, MN, that from 1998 to the present Northstar has been engaged in business in the automatic fire sprinkler industry, that it is an industry affecting commerce within the meaning of FLSA and LMRA, but deny each and every remaining allegation.

6. Defendants deny the allegations in paragraph 6 of the complaint concerning "Northstar Companies" and allege that the definition used in the complaint is false and misleading. Defendants admit that the specifically identified companies have offices at 875 Blue Gentian Road, Eagan, MN 55121. Defendants deny the remaining allegations.

7. Defendants deny the allegations in paragraph 7 of the complaint.

8. Defendants deny the allegations in paragraph 8 of the complaint.

9. Defendants deny the allegations in paragraph 9 of the complaint.

10. Defendants deny the allegations in paragraph 10 of the complaint.

## BACKGROUND FACTS

11. Defendants admit the allegations in paragraph 11 of the complaint that NorthStar Fire of America, Inc., has maintained a collective bargaining relationship with Local 669 during certain periods, but deny that Local 669's territorial jurisdiction is accurately stated by plaintiffs in the complaint. North Star Fire Protection, Inc. has maintained a relationship with Local 669, but has no Local 669 employees or relationship with Local 669. Said relationship has been in existence from April 1, 2000 to the present. Defendants allege that during certain other periods within the recent past, Local 669 has disavowed a collective bargaining relationship with NorthStar Fire of America, North Star Fire Protection, Inc., and Colin Barnett and Sean Barnett. Defendants state that the collective bargaining agreement effective beginning on April 1, 2000 speaks for itself as to specific terms, and requires no responsive pleading. Defendants deny the remaining allegations.

12. Defendants deny the allegations in paragraph 12 of the complaint.

13. Defendants deny the allegations in paragraph 13 of the complaint.

14. Defendants deny the allegations in paragraph 14 of the complaint.

15. Defendants deny the allegations in paragraph 15 of the complaint.

## COUNT ONE

16. Defendants repeat and re-allege the statements and responses to plaintiffs' complaint set forth above, as if fully set forth herein.

17. Defendants deny the allegations in paragraph 17 of the complaint.

18. Defendants deny the allegations in paragraph 18 of the complaint.

19. Defendants deny the allegations in paragraph 19 of the complaint.

COUNT TWO

20. Defendants repeat and re-allege the statements and responses to plaintiffs' complaint set forth above, as if fully set forth herein.

21. Defendants deny the allegations in paragraph 21 of the complaint.

22. Defendants deny the allegations in paragraph 22 of the complaint.

23. Defendants deny the allegations in paragraph 23 of the complaint.

24. Defendants deny the allegations in paragraph 24 of the complaint.

25. Defendants deny the allegations in paragraph 25 of the complaint.

26. Defendants deny the allegations in paragraph 26 of the complaint and state that such allegations are made in violation of Rule 11(b) of the Federal Rules of Civil Procedure.

27. Defendants deny each and every allegation of the complaint except as admitted or qualified herein.

DEFENSES

28. Plaintiffs' complaint fails to state a claim upon which relief can be granted, and should be dismissed.

29. The Court lacks subject matter jurisdiction over plaintiffs' claims.

30. Plaintiffs have failed to join parties needed for just adjudication of the claims in the complaint.

31. Plaintiffs have failed to plead allegations of fraud with particularity.

32. Plaintiffs' claims asserted herein are preempted.

33. Plaintiffs' claims fall within the exclusive jurisdiction of the National Labor Relations Board.

34. Plaintiffs' claims are barred by the exclusive grievance and arbitration provisions of the collective bargaining agreement.

35. Plaintiffs' claims are barred by plaintiffs' own fraudulent acts.

36. Plaintiffs' claims are barred by principles of waiver and estoppel.

37. Plaintiffs' claims are barred by applicable statutory and/or contractual statutes of limitations.

38. Plaintiffs' claims are barred by laches.

39. Plaintiffs' claims are barred by the doctrines of unclean hands and in pari delicto.

40. Plaintiffs' claims are barred to the extent that they have failed to mitigate damages and/or pursue claims against other parties responsible for their injuries, if any.

41. Plaintiff Local 669 lacks standing to pursue claims under the FLSA.

42. The individual plaintiffs lack standing to pursue claims under the FLSA on behalf of anyone other than themselves.

43. Plaintiffs have suffered no RICO injuries and lack standing to assert claims under RICO.

44. The individual plaintiffs have not filed proper consents under the FLSA.

45. Plaintiffs lack standing to seek recovery on behalf of the NASI Funds.

46. Defendants have not caused harm to any of the plaintiffs.

47. Plaintiffs' injuries, if any, were caused by acts of the plaintiffs themselves, or other persons over whom defendants have no control.

WHEREFORE, defendants seek an order from the Court:

1. Adjudging that plaintiffs should take nothing for their complaint;

2. Dismissing the complaint with prejudice;

3. Awarding defendants their costs, disbursements, and, if allowed, their reasonable attorneys' fees;

4. Awarding defendants sanctions against plaintiffs under Fed. R. Civ. P. 11; and

5. Awarding such other relief as the Court determines just and equitable.

Dated: February ___, 2001

_______________________________

Paul L. Landry (#156759)
Richard D. Snyder (#191292)
Sue R. Roemer (#305327)
FREDRIKSON & BYRON, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
(612) 347-7044

ATTORNEYS FOR DEFENDANTS

::ODMA\PCDOCS\FBDOCS1\2475454\1