**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Road Sprinkler Fitters Local Union No. 669, et al.**

**Plaintiffs,**

**v.**

**Northstar Fire of America, Inc., et al.**

**Defendants.**

**Civil No.00-2152 (JRT/SRN)**

---

**Trustees of the National Automatic Sprinkler Industry Pension Fund, et al.**

**Plaintiffs,**

**v.**

**Northstar Fire of America, Inc., et al.**

**Defendants**

**Civil No. 01-261 (JRT/SRN)**

---

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the parties will be subject to the following Protective Order during the pendency of this action:

1. Right to Designate Confidential Information

The parties may designate as "confidential" in a manner set forth in this Order, discovery materials that are produced or furnished (i) which are not publically available at the time the discovery materials are produced or furnished and (ii) which contain financial, proprietary, competitive or otherwise confidential information.

FILED MAY 22 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT [illegible]
DEPUTY CLERK

2. Designation of Confidential Information

All documents or papers designated "confidential" shall be stamped or labeled "confidential." All answers to interrogatories and responses to requests for admissions designated "confidential" shall be prefaced with a warning "confidential" and all pages thereof shall be stamped "confidential." All deposition testimony for which "confidential" status is claimed, shall be so designated at the time the testimony is given or within 30 business days after receipt of the deposition transcript by designating counsel. Prior to that time, all deposition testimony shall be deemed "confidential." If any "confidential" discovery materials are used in the deposition, all portions of the transcripts of such deposition which refer or relate to such "confidential" discovery materials shall be treated as "confidential" pursuant to the terms of this Order and shall be bound separately.

3. Limits on Disclosure of Confidential Information

All discovery materials designated "confidential" shall be retained by the attorneys of record in this matter and may be disclosed only to (a) counsel of record for the parties and employees of such counsel involved in this action; (b) named parties to this action in connection with the prosecution or defense of this action, including officers and agents of the named parties; (c) experts and consultants hired by the parties to assist in the prosecution or defense of this action; (d) the Court and Court personnel; (e) employees or ex-employees of defendants and local union officials for investigation purposes; and (f) any other person or entity to whom a party has the legal obligation to disclose such documents and other information. Any party who discloses documents or other information to any non-party listed in this paragraph must provide that person

with a copy of this Protective Order. Persons permitted access to confidential discovery materials under this paragraph shall not disclose, show, provide or convey any such materials or information to any person, other than as provided in this Order.

4. Objections To Designation of Confidentiality

If the party receiving a confidential document objects to the producing party's claim of confidentiality, that party shall have 10 days from the date of receipt of the confidential document to notify the producing party of their objection. The producing party shall then have 10 days from receipt of the objection to seek protection from the Court. If such protection is not sought, the documents will be deemed non-confidential. If protection is sought by the producing party, confidential documents shall be held by counsel in accordance with this Order, pending resolution by the Court.

5. Return of Documents

At the conclusion of this action, all documents in the possession of the party which have been determined to be confidential, in accordance with this Order, including copies, shall be promptly returned to the producing party.

Dated: May 22, 2001.

Susan Richard Nelson
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.