**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Road Sprinkler Fitters Local Union No. 669, et al.**

**Plaintiffs,**

**v.**

**Northstar Fire of America, Inc., et al.**

**Defendants.**

**Civil No.00-2152 (JRT/SRN)**

**ORDER**

---

**Trustees of the National Automatic Sprinkler Industry Pension Fund, et al.**

**Plaintiffs,**

**v.**

**Northstar Fire of America, Inc., et al.**

**Defendants.**

**Civil No. 01-261 (JRT/SRN)**

---

Richard A. Williams, Jr., Esq. and William W. Osborne, Jr., Esq. on behalf of Plaintiff Road Sprinkler Fitters Local Union No. 669, et al.

R. Richard Hopp, Esq. on behalf of Plaintiff Trustees of the National Automatic Sprinkler Industry Pension Fund.

Paul L. Landry, Esq. and Richard Snyder, Esq. on behalf of Defendant Northstar Fire of America, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matters came before the undersigned United States Magistrate Judge on April 24, 2001. In civil file 01-cv-261, Trustees of the National Automatic Sprinkler Industry

FILED JUL 0 5 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

<u>Pension Fund, et al. v. Northstar Fire of America, et al.</u>, the Court heard Plaintiff Trustees of the National Automatic Sprinkler Industry Pension Fund's ("Trustees") Motion to Consolidate case 01-cv-261 with case 00-cv-2152 (Doc. No. 3), and Plaintiff Trustees' Motion for a Protective Order Directing the Depositions Scheduled by Defendant to be Held at a Later Date (Doc. No. 7).[1]

In civil file number 00-cv-2152, <u>Road Sprinkler Fitters Local Union No. 669, et al. v. Northstar Fire of America, et al.</u>, the Court heard Plaintiff Road Sprinkler Fitters Local Union No. 669's ("Union") Motion to Compel Documents and Responses to Discovery Requests (Doc. Nos. 22-1, 22-2), Defendant Northstar Fire of America, Inc.'s ("Northstar") Motion to Compel Responses to Discovery Requests (Doc. No. 26-1), Defendant Northstar's Motion for a Protective Order (Doc. No. 26-2),[2] Defendant Northstar's Motion to Compel Individual Plaintiffs to Appear for Depositions (Doc. No. 26-3), and Defendant Northstar's Motion for Costs for Failure to Produce the Individual Plaintiffs for Depositions (Doc. No. 26-4).

The Court deferred ruling on these motions until resolution of Defendant Northstar's Motion to Dismiss in civil file 00-cv-2152. (Doc. No. 35.) After the hearing on that matter, the Court permitted supplemental briefing, and issued a Report and Recommendation on Defendant Northstar's Motion to Dismiss on June 29, 2001. (Doc. No. 29.) The Court now turns to the outstanding discovery motions.

---

[1]Plaintiff Trustees' Motion for a Protective Order (Doc. No. 7) was disposed of by separate Order on May 22, 2001, (Doc. No. 14).

[2]Defendant Northstar's Motion for a Protective Order (Doc. No. 26-2) was disposed of by a separate Order dated May 22, 2001, (Doc. No. 44).

**I. 01-cv-261**
**Trustees of the National Automatic Sprinkler et al. v. Northstar Fire of America et al.**

Plaintiff Trustees and Plaintiff Union seek to consolidate case 00-cv-2152 with case 01-cv-261.[3] (Doc. No. 3.) A district court has broad discretion to order consolidation. Avon Products, Inc. v. International Union, United Auto Workers of America, AFL-CIO, Local 710, 386 F.2d 651, 658 (8th Cir. 1967). Rule 42(a) of the Federal Rules of Civil Procedure states that a district court may consolidate separate actions when those "actions involv[e] a common question of law or fact." Fed.R.Civ.P. 42(a); see also Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). In deciding whether to consolidate cases, the court must balance "the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause." Powell v. National Football League, 764 F.Supp. 1351, 1359 (D. Minn. 1991); see also Chill v. Green Tree Financial Corp., 181 F.R.D. 398, 405 (D. Minn. 1998). Consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). The party seeking consolidation bears the burden of demonstrating that consolidation would promote judicial convenience and economy. Powell, 764 F.Supp. at 1359.

Plaintiff Trustees and Plaintiff Union allege that these cases arise out of the same set of factual circumstances Both Complaints assert that Defendant Northstar violated the CBA, the Trust Agreement, and various labor and federal statutes by failing to properly pay benefit

---

[3]The motion to consolidate was filed and briefed by Plaintiff Trustees. According to the memorandum in support of the Motion to Consolidate, Plaintiff Trustees consulted with Plaintiff Union on the appropriateness of consolidation. At the hearing, Plaintiff Union confirmed that they join in Plaintiff Trustees' Motion to consolidate.

contributions and/or employee wages. According to both Plaintiffs, Defendant Northstar's decision to allegedly deviate from the negotiated payment schedule as laid out in the CBA gives rise to both sets of claims. In Trustees of the National Automatic Sprinkler Industry Pension Fund et al. v. Northstar Fire of America et al., Plaintiff Trustees allege that Defendant Northstar violated the Employee Retirement Income Security Act of 1974, 28 U.S.C. §§ 1101-1461 ("ERISA"), by failing to make fringe benefits payments, on behalf of union employees as required by the CBA and Trust Agreement. (Compl. ¶ 14.) In Road Sprinkler Fitters Local Union No. 669 et al. v. Northstar Fire of America et al., Plaintiff Union alleges, inter alia, that Defendant Northstar violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c) by disregarding the CBA and Trust Agreement and fraudulently paying the union employees a lump sum of money for overtime worked. (Compl. ¶¶ 17, 21.)

The factual and legal similarities in these cases will give rise to multiple identical discovery requests. For example, both Plaintiff Trustees and Plaintiff Union will seek Defendant Northstar's payroll records and the number of hours worked by Defendant Northstar's employees. In addition, these cases will both require the deposition testimony of the same individuals within the Northstar organization. The Court finds that case 01-cv-261 and case 00-cv-2152 have common factual issues, common allegations, and common discovery.

Consolidation of discovery issues will avoid a duplication of efforts in the production of Defendant Northstar's payroll information, deposition testimony and other discovery. In addition, there is little danger of delay or inconvenience if these cases are consolidated. See

Lyons v. Andersen, 123 F.Supp.2d 485, 488 (N.D. Iowa 2000) (denying motion to consolidate when there was the potential for prejudice due to a delay in the trial date). Both cases are at the beginning stages of discovery and pretrial preparation. The considerable time and effort that will be saved from consolidating these cases outweighs the possibility of any inconvenience, delay or expense.

At the hearing, Plaintiff Trustees clarified that this motion seeks to consolidate these cases for both pretrial and trial purposes. The Court will consolidate these actions, but will limit the consolidation of the cases to the pretrial proceedings, leaving any further consolidation of the proceedings for future consideration. Accordingly, Plaintiff Trustees' Motion to Consolidate for the purposes of discovery and pretrial procedures is granted, but Plaintiff Trustees' Motion to Consolidate for trial purposes is denied without prejudice.

## II. 00-cv-2152 **Road Sprinkler Fitters Local Union No. 669 et al. v. Northstar Fire of America et al.**

### A. Plaintiff Union's Motion to Compel Documents and Responses to Discovery Requests

Plaintiff Union brought a Motion to Compel Production of Documents (Doc. No. 22-1) and a Motion to Compel Responses to Discovery Requests (Doc. No. 22-2). Plaintiff Union asserts that Defendant Northstar failed to (1) respond to discovery requests which relate to any employees or ex-employees other than the four named Plaintiffs, (2) respond to discovery requests relating to events prior to 1998, (3) provide weekly, rather then annual, payroll records, and (4) provide computerized payroll information.

### 1. Discovery Beyond the Four Named Plaintiffs

Plaintiff Union objects to Defendant Northstar's refusal to provide discovery concerning employees or ex-employees other than the four named Plaintiffs. Defendant Northstar asserts that discovery on any claims, other than the individual FLSA claims, is improper because the named Plaintiffs do not have standing to seek discovery on behalf of "similarly situated employees" who have not "opted in" to the lawsuit.[4] (Defs.' Mem., Doc. No. 29, pp. 4-5.)

The FLSA allows employees to bring an action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). Such a suit is a "collective action" and it requires that all potential plaintiffs "opt in" to the lawsuit by filing a written consent. Id.; Reich v. Stewart, 121 F.3d 400, 407 (8th Cir. 1997). In this case, the four named Plaintiffs have opted into the suit.

The named Plaintiffs may seek discovery on behalf of other "similarly situated employees" if they submit "some evidence establishing that at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist." Severtson v. Phillips Bev. Co., 137 F.R.D. 264 (D. Minn. 1991). The four named Plaintiffs are all current or former employees of Defendants. (Compl., Exs. A, B, C, D.) The Plaintiffs are members of and are represented by Union Local 669, which negotiated the collective bargaining agreement ("CBA") on behalf of the sprinkler fitter employees. (Compl. ¶ 11.) This action is brought on behalf of Plaintiffs and all other "similarly situated" individuals who are members of Union Local 669 and who are or were

---

[4]Defendant Northstar also objected to disclosing information for employees and ex-employees who are not named Plaintiffs in this suit due to confidentiality concerns. This concern has been addressed by the May 22, 2001, Protective Order.

employed by Defendant Northstar and covered under the CBA. (Compl. ¶ 4.) By its very terms, the CBA ensures that all employees covered under the contract have the same rights, responsibilities, and duties. (Roemer Aff., Doc. No. 31, Ex. A, CBA.) Therefore, the Court finds that Plaintiffs have met their burden of alleging that the other employees are "similarly situated" for the purposes of discovery.

In addition Plaintiff Union seeks information for all sprinkler fitters beginning in 1997 and continuing through to the present. Defendant Northstar objects to providing information regarding events before 1998 or after 2000 because the four named Plaintiffs were only employed in 1998 and 1999. However, the Complaint alleges that Defendant Northstar "willfully" violated the FLSA, and such claims may be brought under a three year statute of limitations. See 29 U.S.C. § 255(a); Compl. ¶ 19. Potential claims as far back as 1997 are therefore within the scope of discovery. Because the Court will permit Plaintiff Union to conduct discovery for "similarly situated" employees, all such information beginning in 1997 through the present should be produced. Plaintiff Union's Motion to Compel Discovery Responses for all "similarly situated" employees from 1997 to the present is granted.

**2. Payroll Records**

Paragraph One of Plaintiff Union's request for production seeks "[d]ocuments indicating all hours or work performed by and all compensation or other remuneration paid to sprinkler fitter employees of Defendants, including documents generated on a *weekly* basis." According to Plaintiff Union, Defendant Northstar provided only annual payroll summaries. In response, Defendant Northstar states that it has in fact provided weekly summaries in the following Bates ranges: NO156-0198, N9166-9204, and N6008-6152. Therefore, Plaintiff Union's request for

weekly reports is denied as moot.

Plaintiff Union also seeks payroll information in an electronic format. The parties are currently working together to develop an appropriate protocol for the electronic discovery of this information. The parties will make a report to the Court by **Wednesday, July 18, 2001,** concerning their efforts to coordinate electronic production of payroll records. Plaintiff Union's request for electronic payroll information is granted.

**B. Defendant Northstar's Motion to Compel Responses to Discovery Requests**

Defendant Northstar brought a Motion to Compel Complete Responses to Defendants' First Set of Interrogatories Nos. 2, 3, 11, 12, 13, 14, and 16 and to supplement the response to Document Request No. 1 and also identify which documents relate to Interrogatories Nos. 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 16. (Doc. No. 26-1.) Defendant Northstar also contests Plaintiff Union's assertion of privilege in conjunction with Plaintiff Union's Rule 26(a) disclosures.

**1. Interrogatories**

The Court grants in part and denies in part Defendant Northstar's Motion to Compel Complete Responses to Interrogatories as follows:

Interrogatory No. 2 seeks the identity of persons who have information relating to the Complaint and the substance of that knowledge. This request is granted to the extent that Plaintiff Union must provide the information that it currently has, including a summary of any individual's knowledge concerning this request. Plaintiff Union should make additional submissions, beyond the summaries presently ordered, after discovery is complete. Interrogatory No. 3 asks Plaintiffs to identify all persons or entities that Plaintiffs' agents have communicated with regarding the subject matter of this lawsuit. This request is granted to the

extent that it does not invade Plaintiff Union's work-product privilege or attorney-client privilege.

Interrogatory Nos. 11, 12, 13, and 14 are contention interrogatories requiring further discovery. Therefore, these requests are denied without prejudice at this time, but may be raised at the completion of discovery.

Interrogatory No. 16 asks Plaintiffs to identify the jobs of each of the named Plaintiffs including information regarding the name and location of the site, the supervisors, the amount of time worked, and information concerning tax and benefit contributions for those jobs. This request is granted to the extent that Plaintiff Union must provide any information that is currently available and responsive to this question. Plaintiff Union should supplement its response further as more information becomes available.

Plaintiff Union should supplement its responses to these interrogatories by **Monday July 16, 2001**.

**2. Document Requests**

Document Request No. 1 asks Plaintiff Union to provide documentation responsive to the interrogatories. According to Defendant Northstar, Plaintiff Union provided various documents but did not indicate which documents support which interrogatory. In response to Interrogatories Nos. 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 16, Plaintiff Union did not identify which documents support its answers. Plaintiff Union is required to supplement its responses to so indicate by **Monday, July 16, 2001**. Defendant Northstar's Motion to Compel Supplemental Responses to Defendant's First Set of Document Requests is granted.

### 3. Rule 26(a) disclosures

Defendant Northstar also asserts that Plaintiff Union's identification of documents pursuant to Fed. R. Civ. P. 26 (a)(1)(B) is insufficient. Specifically, Plaintiff Union withheld the statements of three individual Plaintiffs on the basis of attorney-client privilege and work-product privilege. At the hearing, Plaintiff Union asserted that it had provided a privilege log to Defendant Northstar concerning these issues, but there was some confusion as to whether Defendant Northstar received the log. Therefore, Plaintiff Union will provide Defendant Northstar with an appropriate privilege log, if it has not already done so, by **Monday, July 16, 2001**.

### C. Defendant Northstar's Motion to Compel Depositions

Defendant Northstar also brought a Motion to Compel Individual Plaintiffs to Appear for Depositions and for costs incurred in bringing this motion. (Doc. Nos. 26-3, 26-4). At the hearing, the parties agreed to delay the depositions until the Trustees received its written discovery. Therefore, Defendant Northstar's Motion to Compel Individual Plaintiffs to Appear for Depositions is denied as moot. The Court denies Defendant Northstar's Motion for Costs.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED that:**

In Civil File 01-cv-261:

1. Plaintiff Trustees' Motion to Consolidate case 01-cv-261 with case 00-cv-2152 (Doc. No. 3) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART** consistent with this Order.

In Civil File 00-cv-2152:

1. Plaintiff Union's Motion to Compel Discovery Responses for all "similarly

situated" employees from 1997 to the present (Doc. Nos. 22-1, 22-2) is **GRANTED**;

2. Plaintiff Union's Motion to Compel Weekly Payroll Information (Doc. Nos. 22-1, 22-2) is **DENIED AS MOOT**;

3. Plaintiff Union's Motion for Electronic Production of Payroll Information (Doc. Nos. 22-1, 22-2) is **GRANTED**;

4. Defendant Northstar's Motion to Compel Responses to Discovery Requests (Doc. No. 26-1) is **GRANTED IN PART AND DENIED IN PART** consistent with this order;

5. Defendant Northstar's Motion to Compel Individual Plaintiffs to Appear for Depositions (Doc. No. 26-3) is **DENIED AS MOOT**; and

6. Defendant Northstar's Motion for Costs for Failure to Produce the Individual Plaintiffs for Depositions (Doc. No. 26-4) is **DENIED**.

Dated: July 5, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge